IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PRINCE THEO JOHNSON,<br><br>    Defendant                                / | No. CR-07-0156 MMC<br><br>**ORDER DENYING DEFENDANT'S APPLICATION TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO CLERK** |

      Before the Court is defendant Prince Theo Johnson's "Application to File Defendant's Notice of Motion and Motion to Withdraw Plea [ ] Under Seal" ("Application"), submitted December 3, 2008, by which Application defendant seeks leave to file under seal the entirety of the following documents: (1) the Application; (2) "Defendant's Sentencing Memorandum" ("Sentencing Memorandum");[1] (3) "Defendant's Notice of Motion and Motion to Withdraw the Plea" ("Motion"); and (4) "Declaration of Geri Lynn Green in Support of Motion to Withdraw Defendant's Plea" ("Declaration"). Having read and considered the Application,[2] the Court rules as follows:

      1.  Defendant has failed to show that any information in the Application is properly

---

[1] Defendant seeks to file the Sentencing Memorandum as an attachment to his Request for Judicial Notice filed December 3, 2008, in the public record.

[2] Defendant has failed to provide a chambers copy of any of the documents he seeks to file under seal. For future reference, defendant is reminded of his obligation to provide a chambers copy of any document he seeks to file under seal. See Civil L. R. 79-5(b)(4) (providing party seeking to file document under seal must lodge both original and chambers copy of document); Crim. L.R. 2-1(a) (providing civil local rules applicable to criminal proceedings except where "inconsistent" with criminal rule).

1  filed under seal.  Accordingly, the Application is DENIED to the extent defendant seeks to
2  file the Application itself under seal.
3        2. On September 28, 2001, defendant filed the Sentencing Memorandum in the
4  public record.  (See Docket No. 14 in United States v. Johnson, CR 01-00126 SI.)
5  Accordingly, the application is DENIED to the extent defendant seeks to file the Sentencing
6  Memorandum under seal.
7        3. Both the Motion and Declaration contain information that is not confidential.
8  (See, e.g., Motion at 4:1-20 (citing general legal principles); Declaration ¶¶ 1-2 (stating
9  declarant has been appointed as counsel of record for defendant); ¶¶ 3-9 (summarizing
10 exhibits attached to Declaration).)  Further, two of the exhibits attached to the Declaration,
11 specifically Exhibits F and G, consist entirely of excerpts from the Sentencing
12 Memorandum, which, as stated above, has previously been filed in the public record.  A
13 party is not entitled to an order filing an entire document under seal where, as here, the
14 entire document does not contain material properly filed under seal.  See Civil L.R. 79-5(a)
15 (providing application to file documents under seal "must be narrowly tailored to seek
16 sealing only of sealable material").  Accordingly, the application is DENIED to the extent
17 defendant seeks to file the entirety of the Motion and Declaration under seal.  Such denial
18 is without prejudice to defendant's submitting a narrowly tailored motion to seal only
19 material in the Motion and/or Declaration that is properly filed under seal, pursuant to Civil
20 Local Rule 79-5(c).
21       4. Because the application has been denied, the Clerk shall not file the application,
22 the Sentencing Memorandum, the Motion or the Declaration; rather, the Clerk shall, with
23 respect to each of those documents, follow the procedure set forth in Civil Local Rule 79-
24 5(e).
25     **IT IS SO ORDERED.**
26
27 Dated:  December 9, 2008
                                                            _____
                                                            MAXINE M. CHESNEY
28                                                          United States District Judge